## 8204.  SMITH v. HARRELL.

.The verdict of the jury, approved by the trial judge, is not wihtout evi-
    dence to support it.  The errors of law in admitting testimony, in
    charging the jury, and in failing to charge certain principles applica-
    ble to the case as made (no request to charge having been submitted),
    are without merit.  The court did not err in overruling the motion
    for a new trial.

    DECIDED FEBRUARY 16, 1917.  REHEARING DENIED MARCH 2, 1917.

Money rule; from Lowndes superior court—Judge Thomas.
August 21, 1915.

    *J. M. Johnson, J. G. Cranford, O. M. Smith,* for plaintiff in
error.  *Dan R. Bruce, E. K. Wilcox,* contra.

    GEORGE, J.  Harrell filed his petition for a rule against Smith,
an attorney at law, upon the allegation that the attorney had
charged and retained as a fee one half of $2,500, collected in cer-
tain litigation for Harrell; that the amount thus retained was un-
reasonable, there being no agreement fixing the amount to be paid
the attorney, and that $250 was a reasonable fee for the services
rendered.  The petition was duly answered, and the attorney
claimed an express contract for fees, executed both by Harrell and
an alleged copartner, the action in which the recovery was had be-
ing a joint suit in behalf of Harrell and another; that Harrell rati-
fied the contract for fees made by his alleged copartner with the
attorney; and that in the absence of agreement the amount re-
tained by him was authorized by the services actually rendered.
The answer was traversed, the issues were submitted to a jury, and
a verdict for the petitioner, for $416.66 principal, was returned.
The defendant's motion for a new trial was overruled, and he ex-
cepts.

    The evidence was in conflict, and, upon certain features of the
case, strongly supported the contentions of the plaintiff in error.
The verdict is not, however, without evidence to support it, and
this court can not interfere.  Five excerpts from the charge of the
court are excepted to generally, and, under repeated rulings
of this court and of the Supreme Court, if these charges state prop-
ositions of law which are in the abstract correct, we will not, on
such an assignment of error, consider whether they are appropriate
in the case.  Not one of the charges complained of contains an in-
correct statement of law.  There are seven grounds in the

motion complaining of the failure to give certain instructions of law. It nowhere appears that any request, either oral or written, was made for these instructions or any one of them. So far as they were pertinent to the issues made by the evidence, they were sufficiently covered by instructions given.

One exception to the admission of evidence is insisted upon. It appears that the court allowed a witness to say what amount, in his opinion, would be reasonable compensation for the services rendered by the attorney, based upon facts hypothetically stated. The objection to this evidence was upon the ground that "the hypothesis is not based on the facts proven." On careful examination of the evidence, we think the question propounded was based upon the material facts proved in the case.

The court did not err in overruling the motion for a new trial.

*Judgment affirmed. Wade, C. J., and Luke, J., concur.*